UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ADMIRALITY DIVISION

CASE NO.:

JUSTIN MASSE,

    Plaintiff,

vs.

MSC CRUISES, S.A.,

    Defendant.

_____/

**COMPLAINT**

Plaintiff, JUSTIN MASSE, by and through his undersigned attorneys, sues Defendant, MSC CRUISES, S.A. (hereinafter "MSC CRUISES"), and alleges as follows:

**JURISDICTION**

1. This is an action for damages that exceed Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest, costs and attorneys' fees.

2. This Court has jurisdiction pursuant to 28 USC § 1333.

3. Venue in this Court is proper pursuant to the Ticket Contract between the parties.

4. At all times material hereto, Plaintiff, JUSTIN MASSE, was a citizen and resident of New York.

5. At all times material hereto, Defendant MSC CRUISES S.A. is company based in the Country of Switzerland with a registered address of 16, Eugene Pittard, CH-1206, Geneva, Switzerland.

6. At all times relevant, Defendant, MSC CRUISES was registered to do business in the State of Florida.

7. At all times relevant, Defendant maintained a permanent office for the transaction of business in Fort Lauderdale, Florida.

8. Pursuant to the terms and conditions provided by MSC Cruises, MSC Cruises S.A. is the "carrier." https://www.msccruisesusa.com/-/media/US/Documents/Booking-Terms-and-Conditions-240520

9. At all times material hereto, MSC Cruises engaged in the business of owning, operating, and conducting carriage of passengers for hire aboard cruise ship vessels.

10. At all times material hereto, MSC Cruises owned, operated, managed, maintained and/or controlled the cruise ship vessel, MSC Meraviglia.

11. Plaintiff, JUSTIN MASSE, booked and paid for passage as an invitee aboard the MSC Meraviglia.

12. Plaintiff has satisfied and performed all conditions precedent for bringing this action.

## MASSE'S FALL

13. On or about November 27, 2023, Plaintiff, JUSTIN MASSE, boarded the MSC Meraviglia in Brooklyn, New York.

14. Plaintiff, JUSTIN MASSE, was a paying passenger on the MSC Meraviglia.

15. At all material times hereto, a major source of income to MSC CRUISES was earned by selling alcohol on its ships. To this end, MSC CRUISES encouraged over-serving of alcohol on its ships for financial gain, without regard to the fact that it resulted in injuries and accidents. Plaintiff purchased the Easy Plus drink package for the duration of his cruise which

2

included unlimited access to a variety of frozen and classic cocktails, well spirits, liqueurs and cordials, a variety of draught and bottled beers, a selection of wines by the glass. Beverage gratuities were included with this package. Such a package is an incentive to over-sell alcohol to its passengers, including the Plaintiff. MSC CRUISES did not make any meaningful steps to enforce a reasonable alcohol policy since it would have resulted in less money for MSC CRUISES.

16. Indeed, on or about December 1 and 2, 2023, MSC CRUISES was operating a "floating dram shop" permitting passengers, including JUSTIN MASSE, to become extremely intoxicated by over serving them unreasonable amounts of alcohol for profit.

17. That evening, and into early morning, Plaintiff, JUSTIN MASSE, continued consuming alcohol. Around 3:00 a.m. on December 2, 2023, while in an intoxicated state, Plaintiff fell over a railing falling seven (7) stories. Although the fall was captured on video surveillance, the Plaintiff was on the floor until discovered by some fellow passengers who notified cruise staff.

## COUNT I – NEGLIGENCE

18. The Plaintiff, JUSTIN MASSE, hereby realleges and reavers each and every allegation contained in paragraphs 1-17 above, as though fully set forth herein.

19. Defendant owed Plaintiff, JUSTIN MASSE, a duty of reasonable care at all times that he was a passenger aboard the MSC Meraviglia, from the time he embarked at the Port of Brooklyn until he disembarked upon returning to New York at the end of the cruise.

20. Defendant, MSC CRUISES, by and through its agents, servants, and/or employees who were acting within the course and scope of their employment or agency, were negligent in numerous ways as described herein. Some of these negligent acts occurred while the cruise ship was docked in Brooklyn; some occurred while the ship was on the water within three miles

offshore; some occurred while the ship was on the water more than three miles offshore; and some occurred continuously or during more than one of these timeframes.

21. Specifically, Defendants breached their duty by, among other things:

a. Making alcoholic beverages available at almost all times throughout the day and night from the point of boarding and throughout the duration of the cruise;

b. Over-serving Plaintiff, JUSTIN MASSE, alcoholic beverages to the point where he was physically and mentally impaired and unable to properly care for himself;

c. Failing at all times to have proper policies and procedures for supervising passengers to prevent persons from climbing up on ships' railings where they will be in a position of great danger;

d. Failing at all times to have in place and/or promulgate and/or comply with rules and/or policies to ensure that passengers do not fall over the ship's railings;

e. Failing at all times to have in place and/or promulgate and/or comply with rules and/or policies to ensure that passengers who do fall over railings are not left undiscovered for a longer period of time;

f. Failing to maintain the vessel in accordance with industry safety standards during the times it was docked at the Port of Brookly and/or within three miles of the shoreline;

g. Having installed unsafe and/or defective railings and banisters on the ship, which places passengers at unreasonable risk of falling over the railings;

h. Failing at all times to comply with industry standards and/or international guidelines regarding the height and safety requirements for railings and banisters on the ship;

i. Failing to provide adequate training, instruction, and supervision to crew members and ship personnel;

j.  Failing at all times to have in place policies and/or procedures which prevent ship personnel from promptly and/or adequately rescuing a passenger who has fallen over a railing;

k.  Failing at all times to have proper policies and procedures in place for caring for intoxicated passengers;

l.  Failing at all times to have adequate security for passengers;

m.  Encouraging passengers, like Plaintiff, to drink excessively throughout their time aboard;

n.  Failing at all times to properly train and/or supervise employees not to serve excessive amounts to alcohol to passengers;

o.  Failing at all times to warn passengers of the dangers of drinking alcohol to excess on a cruise ship where there are many dangers to their safety;

p.  Failing at all times to have closed-circuit cameras which monitor passenger railings on the ship;

q.  Failing at all times to have sufficient numbers of security personnel to provide reasonable security to passengers;

22.  As a direct and proximate result of the foregoing, Defendant, MSC CRUISES, caused or allowed Plaintiff to climb on the ship's railing and fall seven stories after he was served an excessive amount of alcohol.

23.  At all times material, Defendant either:

a.  Created the dangerous conditions that caused Plaintiff's fall.

b.  Had actual knowledge of the dangerous conditions that caused Plaintiff's fall; and/or

c. Had constructive knowledge of the dangerous conditions that caused Plaintiff's fall, which ultimately led to his severe injuries, because they existed for a sufficient period of time prior to Plaintiff's fall.

24. MSC CRUISE's negligence directly and proximately caused Plaintiff, JUSTIN MASSE, permanent bodily injury, pain, suffering, mental anguish, disability, disfigurement, aggravation of a pre-existing condition, loss of capacity for the enjoyment of life, medical expenses, loss of ability to earn money, and the loss of the pleasure of the complete cruise and asks for a full refund of the value of his cruise ticket and all money spent on the cruise.

Wherefore, Plaintiff asks for:

a. Judgment for damages in an amount proven at trial;

b. Costs of suit;

c. Prejudgment interest where applicable;

## JURY TRIAL DEMAND

Plaintiff demands a jury trial om all claims and issues so triable.

Dated: June 27, 2024

Respectfully submitted,

LAW OFFICES OF CRAIG GOLDENFARB, P.A.
*Attorney for Plaintiff*
1641 Worthington Road
Suite 300
West Palm Beach, FL 33409
(561) 697-4440

By: *Michael Wasserman*
Michael A. Wasserman, Esq.
FL Bar No.: 0003077
massejustin11976200@goldlaw.filevineapp.com
mwasserman@goldlaw.com
cflorence@goldlaw.com
Bblake@goldlaw.com